Filed 7/25/14  P. v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075137 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM036266 & CM038219) |
| v. | |
| STEVEN KURT PEREZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Steven Kurt Perez has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1]    Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On June 6, 2012, task force agents went to defendant's residence, where he lived with Robert Tyrone Thomas, to execute a search warrant. The agents contacted and searched defendant in front of his home and found a used methamphetamine pipe and a cell phone containing numerous text messages related to narcotic sales. The agents retrieved the house keys from defendant and executed the search warrant. Prior to searching, defendant informed the agents that what they were looking for was located in a drawer in his bedroom closet. Defendant identified which room was his and which belonged to Thomas.

In defendant's bedroom, the agents found a plastic container which was significantly larger than what would normally be used to hold a drug user's amount of drugs. Inside the container, the agents found 0.4 grams of methamphetamine and a straw. The agents also found two notepads which appeared to be "pay and owe" records relating to the sales and trafficking of "ounce level quantities." The agents also found a hypodermic needle.

In the bathroom, the agents found a used glass methamphetamine pipe in the pocket of a bathrobe. In the other bedroom, the agents located eight plastic bags with portions torn out of the corners (which is consistent with packaging of narcotics), a digital scale with methamphetamine residue on it, and various indicia belonging to defendant, including a wallet containing his driver's license. The agents also found Thomas's identification card and glass vial containing 0.3 grams of cocaine.

Both defendant and Thomas were arrested. Defendant denied selling methamphetamine and claimed the methamphetamine located in the house was for his personal use.

A complaint was filed in Butte County case No. CM036266, alleging defendant possessed a controlled substance for sale (Health & Saf. Code, § 11378) and possessed

2

paraphernalia (Health & Saf. Code, § 11364.1). It was further alleged that defendant had a prior strike conviction. (Pen. Code, §§ 667, subds. (b) - (i), 1170.12, subds. (a) - (d).) Defendant was arraigned and released on his own recognizance.

On October 25, 2012, defendant pled no contest to possession of methamphetamine for sale with the understanding the remaining charge and enhancement would be dismissed and he would be referred to probation. Defendant failed to report to the probation department, as ordered, and then failed to appear in court for his February 21, 2013, sentencing hearing. Accordingly, the trial court issued a bench warrant. A new complaint, Butte County case No. CM038219, was filed alleging defendant failed to appear on his own recognizance. (Pen. Code, § 1320, subd. (b).)

Defendant next appeared in custody on August 8, 2013, on return of the warrant and, on August 29, 2013, pled no contest on the charge of failure to appear. Defendant entered an *Arbuckle*[2] waiver in both cases.

Sentencing took place on October 29, 2013. The trial court sentenced defendant to the upper term of three years for possession of methamphetamine for sale (Butte County case No. CM036266) and a consecutive eight months for failure to appear (Butte County case No. CM038219), for an aggregate term of three years eight months in state prison. The trial court also imposed various fines and fees and awarded defendant 172 days of custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2]    *People v. Arbuckle* (1978) 22 Cal.3d 749.

3

DISPOSITION

The judgment is affirmed.


      NICHOLSON      , Acting P. J.



We concur:



      HULL      , J.



      MURRAY      , J.